IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorenzo Leon Brown, | No. CV-22-00049-PHX-JJT (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, *et al.*, | |
| Respondents. | |

  At issue is the Report and Recommendation (Doc. 12, "R&R") entered on August 18, 2022, by United States Magistrate Judge Deborah M. Fine recommending that the Court dismiss with prejudice as untimely the Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (Doc. 7). In the R&R, Judge Fine warned Petitioner that he had 14 days from its service to file objections thereto, and that failure to file such objections timely "may result in the acceptance of the [R&R] by the District Court without further review." (Doc. 12 at 20.)

  Petitioner filed no timely objections but did file a "Motion Not to Dismiss" (Doc. 13) on September 1, 2022—the fourteenth day after entry of the R&R on the docket—which the Court treated as a motion for extension of his time to file objections. The Court granted that motion and gave Petitioner more than four additional months, until January 13, 2023, to file objections. Petitioner never filed any objections, and only filed a one-paragraph Notice (Doc. 19) on January 17, 2023, after the greatly extended filing deadline, noting that he was now housed in the La Paloma Correction Center in Eloy, Arizona.

The Court is thus empowered by Petitioner's failure to object to accept the R&R without more, as Judge Fine warned. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121, (9th Cir. 2003). The Court nonetheless conducted an independent review of Petitioner's matter including all timeline related facts upon which the R&R rests. Upon completion of that review, it concludes that Judge Fine's recommendation is soundly based in the facts surrounding Petitioner's conduct of post-conviction litigation in this Court and in the Arizona State court and correctly applies all applicable law.

Petitioner's conviction in Arizona State case CR2012-126217 became final absolutely no later than July 10, 2019, the date the Arizona Superior Court denied his combined PCR petition—which actually was his second PCR petition as to the conviction in this matter—and after which Petitioner sought no further review which could have triggered additional statutory tolling. The limitations period set by Section 2244 thus began to run the following day, and expired July 10, 2020, without any further statutory tolling. As Judge Fine exhaustively determined, Petitioner presented no basis for equitable tolling and he did not trigger the actual innocence apparatus of *Schlup v. Delo*, 513 U.S. 298, 327 (1995). He did not file the instant Petition until January 6, 2022.[1] That is almost 18 months too late under AEDPA.

Although Petitioner includes reference in his Petition to his second conviction in the separate state matter SR2012-156099, the Petition presents no grounds associated with his conviction in that matter and thus no habeas relief is available in relation to that matter. But even if the relief Petitioner requested pertained to that second case, his Petition is untimely as regards that matter for the reasons set forth above, as his state PCR petition in this matter was combined with his PCR request for matter CR2012-126217. Thus, the Petition is untimely in its entirety, without excuse or exception.

**IT IS ORDERED** adopting in whole the R&R (Doc. 12) submitted by Judge Fine, including its reasoning.

---

[1] This is the date of Petitioner's original Petition (Doc. 1). Although Petitioner's Amended Petition (Doc. 7)—the operative document in this matter—was later filed on March 25, 2022, his filing date for limitations period purposes relates back to the filing of the original Petition.

**IT IS FURTHER ORDERED** dismissing the Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (Doc. 7), with prejudice, as untimely.

**IT IS FURTHER ORDERED** denying a certificate of appealability. The Court finds that reasonable jurists would not find it debatable whether the Court was correct in the above procedural ruling, pursuant to *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 29th day of March, 2023.

Honorable John J. Tuchi
United States District Judge